IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Vantish Osby, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:20-cv-725 |
| Asset Recovery Solutions, LLC, an Illinois limited liability company and Security Credit Services, LLC, a Mississippi limited liability company, | ) ) ) ) ) ) | |
| Defendants. | ) | Jury Demanded |

## CLASS ACTION COMPLAINT

Plaintiff, Vantish Osby, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; b) Defendant Asset Recovery Solution is headquartered and resides here; and, c) both Defendants transact business here.

### PARTIES

3. Plaintiff, Vantish Osby ("Osby"), is a citizen of the State of Kansas, from whom Defendants attempted to collect a defaulted consumer debt, which was allegedly

owed originally to American Credit Acceptance for a loan to purchase a car for her personal use.

4. Defendant, Asset Recovery Solutions, LLC ("ARS"), is an Illinois limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. Defendant ARS operates a nationwide defaulted debt collection business and attempts to collect defaulted debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant ARS was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant, Security Credit Services, LLC ("SCS"), is a Mississippi limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts that it did not originate. Defendant SCS operates a nationwide defaulted debt collection business and attempts to collect defaulted debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant SCS was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

6. Defendant SCS is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies. Defendant SCS's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

7. Defendants are authorized to conduct business in Illinois, and maintain

registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Defendants conduct extensive business in and/or from Illinois.

## FACTUAL ALLEGATIONS

8.	During February of 2014, Ms. Osby fell behind on paying her bills, including a debt she allegedly owed for an American Credit Acceptance debt. Sometime after that debt went into default, it was allegedly acquired by Defendant SCS, which tried to collect upon it by having Defendant ARS send Ms. Osby a form collection letter, dated May 8, 2019. This letter asked her "resolve" the debt or face continued negative credit reporting. A copy of this collection letter is attached as Exhibit B.

9.	The letter belatedly stated:

* * *

> The law limits how long you can be sued on a debt. Because of the age of your debt, SECURITY CREDIT cannot sue you for it. SECURITY CREDIT can report or continue to report this debt to the credit reporting agencies.

* * *

Defendants' letter, however, failed to state that ARS could not also sue on the debt; Moreover, by stating that, "SECURITY CREDIT can report or continue to report this debt to the credit reporting agencies", Defendants clearly threatened Ms. Osby with negative consequences if she did not pay the debt -- which rendered any message about a decision not to sue ineffective, see, Exhibit B.

10.	In fact, neither of the Defendants could sue to collect the debt at issue because it was time-barred by the statute of limitations in the State of Kansas, namely, 3 years after the last payment/default.

11.	Additionally, Defendants' failed to warn Ms. Osby that a payment on the debt could re-start the statute of limitations.

3

12. The failure of Defendants to disclose effectively that neither of them could sue, and that a payment could re-start the statute of limitations, is material and left Ms. Osby, as well as any consumer who received this letter, without enough information to make a decision as to what to do about the collection of the debt at issue, and cause Ms. Osby to believe Defendants, that the debt had to be paid.

13. Defendants' form debt collection letter, in fact, alarmed and upset Ms. Osby and confused her as to what she should do about the debt at issue.

14. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

15. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA –
### False, Deceptive Or Misleading Collection Actions

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A), and/or threatening to take any action that the debt collector cannot legally take, see, 15 U.S.C. § 1692e(5).

18. Attempts by debt collectors to collect time-barred debts via deceptive and misleading collection letters violate § 1692e of the FDCPA, see, Pantoja v. Portfolio

4

Recovery Assocs., 852 F.3d 679 (7th Cir. 2017); McMahon v. LVNV Funding, 744 F.3d 1010 (7th Cir. 2014); Holzman v. Malcolm S. Gerald & Assocs., 920 F.3d 1264 (11th Cir. 2019); Tatis v. Allied Interstate, 882 F.3d 422 (3rd Cir. 2018); Daugherty v. Convergent Outsourcing, 836 F.3d 507 (5th Cir. 2016); and Buchanan v. Northland Group, 776 F.3d 393 (6th Cir. 2015).

19. Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) they failed to foreclose the possibility that ARS would/could not sue on the debt; b) they threatened to keep credit reporting; and, c) they did not warn that partial payment could re-start the statute of limitations. Thus, Defendants' form letter violates § 1692e of the FDCPA, including § 1692e(2)(A) and § 1692e(5).

20. These are materially false or misleading statements that would lead any consumer to believe that they had to pay this debt to avoid being sued, credit reported or having to pay the full amount at some point in the future, see, Lox v. CDA, 689 F.3d 818, 826 (7th Cir. 2012).

21. Defendants' violations of § 1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

22. Plaintiff adopts and realleges ¶¶ 1-15.

23. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. §

1692f.

24. Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because a) they failed to foreclose the possibility that ARS would/could not sue on the debt; b) they threatened to keep credit reporting; and, c) they did not warn that partial payment could re-start the statute of limitations. Thus, Defendants' attempt to collect a time-barred debt was unfair or unconscionable, in violation of § 1692f of the FDCPA.

25. These are materially unfair or unconscionable means that would lead any consumer to believe that they had to pay this debt to avoid being sued or being credit reported, see, Lox, 689 F.3d at 826.

26. Defendants' violations of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

27. Plaintiff, Vantish Osby, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Kansas from whom Defendants attempted to collect a defaulted consumer debt, via the same form collection letter (Exhibit B), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendants' form letter violates the FDCPA and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

28. Defendants regularly engage in debt collection, using the same form collection letters they sent Ms. Osby, in their attempts to collect defaulted consumer

6

debts from other consumers.

29. The Class consists of more than 35 persons from whom Defendants attempted to collect defaulted consumer debts by sending other consumers the same form collection letter they sent Ms. Osby.

30. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

31. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole, such that declaratory relief is warranted.

32. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Vantish Osby, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendants' form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff and the Class, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Vantish Osby, individually and on behalf of all others similarly situated, demands trial by jury.

                                              Vantish Osby, individually and on
                                              behalf of all others similarly situated,

                                              By: /s/ David J. Philipps_____
                                              One of Plaintiff's Attorneys

Dated: January 31, 2020

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

Ryan M. Callahan    (MO Bar No. 25363)
Callahan Law Firm, LLC
222 West Gregory
Suite 210
Kansas City, Missouri 64114
(816) 822-4041
ryan@callahanlawkc.com

9